Cornell **BRANTLEY,** Plaintiff,

v.

Arthur A. **VAUGHAN,** and Anita L. **Flippen,** Defendants.

Civ. A. No. 9:93–1969–19.

United States District Court,
D. South Carolina,
Beaufort Division.

Oct. 14, 1993.

Mark D. Ball, Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., Hampton, SC, for plaintiff.

Dixie W. Cooper, Charleston, SC, for defendants.

## *ORDER*

SHEDD, District Judge.

This personal injury action is before the Court on defendant Anita L. Flippen's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiff's motion to remand to state court pursuant to 28 U.S.C. § 1447(c). After carefully reviewing the record and the controlling legal principles, the Court concludes that the motion to remand should be granted for the reasons set forth below. As a consequence of this determination, the Court is without jurisdiction to resolve the motion to dismiss.

## *I*

The relevant facts in the record are as follows. On December 11, 1991, plaintiff, a resident of South Carolina, filed a negligence action in the Court of Common Pleas for Jasper County, South Carolina, against Arthur A. Vaughan seeking to recover an unspecified amount of actual and punitive damages which allegedly were the result of his being struck by an automobile driven by

Vaughan. Vaughan, who is a resident of New York, thereafter removed that action to this Court based on grounds of diversity of citizenship. In response, plaintiff filed a motion to remand because the amount in controversy did not exceed $50,000 or, in the alternative, to dismiss without prejudice.

By Order entered March 5, 1993, the Court denied the motion to remand and granted the motion to dismiss without prejudice on the condition that plaintiff reimburse Vaughan for the reasonable costs he incurred following removal of the case from state court. Although plaintiff initially indicated his unwillingness to reimburse Vaughan's costs, he eventually did so after the Court ordered that the action would be dismissed with prejudice if plaintiff refused to reimburse Vaughan. Thereafter, by Order entered April 7, the Court dismissed that action without prejudice.

Plaintiff filed this action in the Court of Common Pleas for Jasper County on July 2. In the Complaint, plaintiff again seeks an unspecified amount of actual and punitive damages against Vaughan based on his alleged negligence. Plaintiff also makes a claim against Flippen, who is a resident of South Carolina, under a theory of negligent entrustment because Flippen owned the automobile which Vaughan was driving at the time of the accident. Plaintiff contends that Vaughan was impaired in his ability to operate a motor vehicle at the time of the accident and that Flippen knew or should have known of his impairment.[1] Plaintiff served the Summons and Complaint on Vaughan on July 9. There is no evidence in the record as to when Flippen was served.

On August 6, Vaughan filed in this Court a Notice of Removal based on grounds of diversity of citizenship and an answer to the Complaint; and Flippen filed an answer and a motion to dismiss pursuant to Rule 12(b)(6), in which she contends that the Complaint fails to state a claim against her upon which relief can be granted. In the Notice of Removal, Vaughan argues that Flippen was fraudulently joined in this action to destroy diversity of citizenship. Flippen has not filed a petition for removal and there is nothing in the Notice of Removal, or elsewhere in the record, which indicates that she joins in Vaughan's Notice of Removal.[2]

Plaintiff filed his motion to remand this action pursuant to 28 U.S.C. § 1447(c) on September 7 and, on September 13, plaintiff filed an amended motion to remand to reflect the proper caption of this case. In both motions, the text of which are identical, plaintiff states without elaboration that diversity jurisdiction does not exist because the minimum amount in controversy is not present.[3] However, in a memorandum in support of the motion to remand which plaintiff filed on September 3,[4] plaintiff argues only that diversity of citizenship does not exist because both he and Flippen are residents of South Carolina.

## II

It is clear from the record that the sole potential basis for jurisdiction in this Court is diversity of citizenship between the parties. Vaughan, as the party seeking removal, bears the burden of establishing his right to remove this action—that is, diversity

1. There is no federal question or other basis for federal jurisdiction raised in the Complaint.

2. Absent certain exceptions, it is settled law that all defendants must join in a petition for removal within thirty days from the date they are served or the case is not properly removed. *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). A petition for removal is considered defective if it fails to explain why all defendants have not joined therein. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir.1993). However, in cases involving allegations of fraudulent joinder, consent of the alleged fraudulently joined party is not required. *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815

(5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 192, —— L.Ed.2d —— (Oct. 4, 1993).

3. In the motion to remand in the first action, plaintiff stipulated that his damages are less than $50,000. However, the Court found in that action that it did not appear to a legal certainty that the amount in controversy did not exceed $50,000. That ruling applies in this case notwithstanding plaintiff's prior stipulation.

4. There is nothing in the record to indicate why plaintiff filed his memorandum in support of the motion to remand 4 days *prior to* the date he filed the motion to remand.

jurisdiction is present—and any doubts concerning the propriety of removal must be resolved in favor of state court jurisdiction. *Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir.1987), *cert. denied*, 485 U.S. 963, 108 S.Ct. 1229, 99 L.Ed.2d 429 (1988); *Toyota of Florence, Inc. v. Lynch*, 713 F.Supp. 898, 900 (D.S.C.1989). Because the requisite amount in controversy is present and plaintiff and Flippen are both residents of South Carolina, the focus is on whether, as Vaughan contends, plaintiff fraudulently joined Flippen to destroy diversity. If plaintiff properly joined Flippen, then Vaughan improvidently removed this case and the Court must remand it to state court for lack of jurisdiction. Conversely, if plaintiff fraudulently joined Flippen, then the Court must dismiss Flippen and exercise jurisdiction over this case.

### A.

■ As noted, the parties have placed this issue before the Court by means of Flippen's 12(b)(6) motion to dismiss, and plaintiff's motion to remand coupled with Vaughan's assertion that Flippen was fraudulently joined. The Fourth Circuit has summarized the standard for reviewing a 12(b)(6) motion to dismiss as follows:

> A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Our inquiry then is limited to whether the allegations constitute " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." We must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff.

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.) (citations omitted and alterations in original), *cert. denied*, — U.S. ——, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993). In contrast, the Fourth Circuit has summarized the standard for reviewing a claim of fraudulent joinder as follows:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either "[T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." The burden on the defendant claiming fraudulent joinder is heavy; the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.

> In order to determine whether an attempted joinder is fraudulent, the Court is not bound by the allegations of the pleadings, but may instead "consider the entire record, and determine the basis of joinder by any means available."

*Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th Cir.1993) (emphasis and alterations in original); *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir.1990) (citation omitted).

In analyzing and resolving this issue, the Court is guided by the opinion in *Batoff v. State Farm Insurance Company*, 977 F.2d 848 (3d Cir.1992), in which the Third Circuit addressed the interplay between a 12(b)(6) motion to dismiss and a motion to remand where there is a claim of fraudulent joinder. The court in *Batoff* found that "the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder" and, therefore, held that where, as here, a 12(b)(6) motion and a claim of fraudulent joinder are both made, it is improper to resolve the 12(b)(6) motion prior to resolving the claim of fraudulent joinder, which is a jurisdictional inquiry. 977 F.2d at 852. The court noted that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for

failure to state a claim upon which relief may be granted." *Id.*

Although *Batoff* is not binding precedent, the Court finds the analysis set forth by the Third Circuit in *Batoff* to be proper in light of the above-noted standards articulated by the Fourth Circuit. Therefore, the Court will proceed to address plaintiff's motion to remand and Vaughan's claim that Flippen was fraudulently joined.

**B.**

■ Plaintiff's purported claim against Flippen is for negligent entrustment of an automobile. Under the theory of negligent entrustment, " 'the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment.' " *American Mut. Fire Ins. Co. v. Passmore*, 275 S.C. 618, 274 S.E.2d 416, 418 (1981) (citation omitted). Where, as here, the claim of negligent entrustment is based on the driver's alleged impairment due to use of alcohol, the elements of the cause of action are: (1) knowledge of, or knowledge imputed to, the owner of the automobile that the driver was either under the influence of intoxicants, addicted to intoxicants, or had the habit of drinking, (2) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated, and (3) under these circumstances, the owner of the vehicle entrusted it to the driver. *See Jackson v. Price*, 288 S.C. 377, 342 S.E.2d 628, 631 (App.1986).

■ In construing the entire record, the Court concludes that plaintiff has unquestionably demonstrated a possibility of a right of recovery against Flippen. For example, in the Complaint, plaintiff alleges that Vaughan, while driving an automobile owned by Flippen, crossed the center line and struck him as he was walking in the road. With respect to Flippen, plaintiff specifically alleges that "at the time of the accident, the defendant, Vaughan, was impaired in his ability to oper-

ate a motor vehicle; [and] that the defendant, Flippen, knew and should have known the defendant Vaughan was impaired." Plaintiff further alleges that his injuries were proximately caused by defendants' conduct in several particulars, including "knowingly allowing someone to operate a motor vehicle in an impaired state." Both Vaughan and Flippen admit in their answers that Vaughan was driving Flippen's car at the time of the accident. Moreover, plaintiff has submitted an affidavit of a deputy sheriff for Hampton County who was at the scene of an accident (purportedly between plaintiff and Vaughan) in which the deputy sheriff states that "it was apparent the driver had been consuming alcoholic beverages" and that in his opinion, "the driver was impaired in his abilities to operate the vehicle." *Affidavit of Scottie Smith*, ¶¶ 3–4.[5]

Vaughan's main argument in support of his claim of fraudulent joinder is that plaintiff knew of Flippen's existence and relation to the underlying accident when he filed the first lawsuit and his failure to include her in that suit, coupled with his effort to remain in state court, shows that Flippen was added solely to destroy diversity. There is no question that plaintiff does not want to litigate this case in federal court. Plaintiff filed both of these actions in state court and has fought Vaughan's effort to remove both cases to federal court. An inference could certainly be drawn from the record that plaintiff joined Flippen in this action for the purpose of defeating diversity jurisdiction. However, plaintiff's motive in joining Flippen is immaterial so long as there is a good faith basis for the cause of action he has asserted against her. *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189–90, 52 S.Ct. 84, 87, 76 L.Ed. 233 (1931). Because the Court has found that plaintiff has alleged a claim against Flippen for which he has at least the possibility of recovery, the Court cannot conclude that he brought the claim against her in bad faith.[6]

---

5. There is no specific indication in the affidavit that this was the accident which is at issue in this case.

6. Because the case is to be remanded, the Court is without jurisdiction to resolve the motion to

dismiss. The Court notes that nothing in this Order should be construed as an expression of whether plaintiff has actually stated a valid claim against Flippen. *See Batoff*, 977 F.2d at 854.

## III

**IT IS THEREFORE ORDERED** on this the 14th day of October, 1993, at Columbia, South Carolina, that plaintiff's motion to remand be **GRANTED.** The Clerk of Court is **DIRECTED** to remand this action to the Court of Common Pleas for Jasper County.