**STAFFORD EMS, INC, Plaintiff**

v.

**J.B. HUNT TRANSPORT, INC., a Georgia corporation, Custard Insurance Adjusters, Inc., an Indiana corporation, and Tom Robertson, Defendants**

No. 2:02–0886.

United States District Court, S.D. West Virginia, at Charleston.

March 31, 2003.

Stacey Lynn Daniel, James D. McQueen, Jr., McQueen, Harmon & Murphy, Charleston, WV, Tonya L. Mounts, Gilbert, WV, for Plaintiff.

Thomas V. Flaherty, Scott H. Kaminski, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for J.B. Hunt Transport, Inc.

Jon B. Orndorff, Baker, Lancianese & Conaty, Huntington, WV, for Custard Ins. Adjusters, Inc. and Tom Robertson.

## ORDER

COPENHAVER, District Judge.

This matter is before the court on plaintiff's motion to remand, filed July 12, 2002.

Also pending are defendants' motions to dismiss. Defendant Tom Robertson ("Robertson") filed a motion to dismiss on June 25, 2002, while defendants J.B. Hunt Transport, Inc. ("J.B. Hunt") and Custard Insurance Adjusters, Inc. ("Custard") filed motions to dismiss on July 2 and 3, 2002, respectively. Where, as here, a motion to remand and Rule 12(b)(6) motions to dismiss are both made, it is ordinarily improper to resolve the Rule 12(b)(6) motions before deciding the motion to remand. The question arising on the motion to remand as to whether there has been a

fraudulent joinder is a jurisdictional inquiry. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3rd Cir.1992); *Brantley v. Vaughan*, 835 F.Supp. 258, 261 (D.S.C. 1993) (following *Batoff*).

## I.

Plaintiff, Stafford EMS Inc. ("Stafford"), originally filed this action in the Circuit Court of Mingo County, West Virginia, on May 28, 2002, against defendants J.B. Hunt, Custard, and Robertson. Defendants filed a joint notice of removal on June 25, 2002, on the basis of diversity of citizenship. In particular, defendants claim that diversity of citizenship exists with plaintiff as to J.B. Hunt, a Georgia corporation, and Custard, an Indiana corporation, and that plaintiff's complaint fails to state a claim against defendant Robertson, a West Virginia resident. (Notice of Removal at ¶ 9.) Defendants contend that Robertson was named as a defendant by plaintiff solely to defeat federal jurisdiction. (*Id.*)

Plaintiff's complaint asserts claims for negligence, common law bad faith, and violations of the Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33–11–4, *et seq.* (Complaint at ¶¶ 5–23.) Plaintiff's claims arise from a September 24, 2001, automobile accident in which a J.B. Hunt tractor-trailer, operated by Gerry Wilburn Carlisle on U.S. Route 52 in Mingo County, West Virginia, struck an ambulance leased and operated by plaintiff. (*Id.* at ¶ 5.) The ambulance was transporting a patient and carrying EMT personnel en route to a hospital at the time of the accident. (*Id.*) According to the complaint, the collision occurred due to Carlisle's negligence and resulted in significant actual and consequential damage to plaintiff. (*Id.* at ¶¶ 5–6.) Plaintiff further alleges that the liability of Carlisle was, at all relevant times, absolutely clear. (*Id.* at ¶ 7.)

Plaintiff's complaint asserts that defendant Robertson, an adjuster employed by Custard who was responsible for adjusting plaintiff's insurance claim on behalf of J.B. Hunt, "agreed" that he would make his best efforts to settle plaintiff's claim. (Complaint at ¶ 9.) Plaintiff alleges that on November 19, 2001, Robertson advised plaintiff that he was giving his claim file over to a representative of J.B. Hunt and advised that within five to seven days, J.B. Hunt would cut plaintiff a check. (*Id.* at ¶ 10.) Plaintiff claims that J.B. Hunt, through its representatives, repeatedly requested damages information from plaintiff, failed to respond to requests by plaintiff for information, and made "low-ball offers" to settle, all in an attempt to stall the resolution of a claim where liability was reasonably clear, in violation of the UTPA. (*Id.* at ¶¶ 14–16.) Plaintiff seeks compensatory and punitive damages in its complaint. (*Id.* at ¶ 23.)

Plaintiff's motion to remand argues that defendants' removal was improper pursuant to 28 U.S.C.A. §§ 1332 and 1441 inasmuch as Robertson is an appropriate defendant whose residency defeats defendants' claim of diversity. Plaintiff also notes that defendants admit in the joint notice of removal that Robertson is a citizen of West Virginia and do not specifically allege fraudulent joinder in the notice. Plaintiff requests that the court remand all matters in controversy between the parties or, in the alternative, that the court remand those matters which plaintiff contends are not within the court's original jurisdiction, namely, the claims for negligence, common law bad faith, and compensatory and punitive damages.

## II.

A.   *Motion to Remand*

■ In order to establish fraudulent joinder, the removing defendants must

demonstrate (1) that there is no possibility that plaintiff can establish a cause of action against Robertson, or (2) that "there was outright fraud in the plaintiff's pleading of jurisdictional facts." *See Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981)). The burden of demonstrating fraudulent joinder is heavy. *Id.* The defendants must show that plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor. *Id.* at 232–233 (citing *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992)); *see also Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999); *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.1990) (holding that a party will be deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned). Moreover, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Id.* at 233 (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3723, at 253–254 (1985)).

■ Nonetheless, a finding of fraudulent joinder is warranted when the record before the court demonstrates either that "no cause of action is stated against the non-diverse defendant, or *in fact* no cause of action exists. In other words, a joinder is fraudulent if 'there [is] no real intention to get a joint judgment, and ... there [is] no colorable ground for so claiming.'" *AIDS Counseling & Testing Centers v. Group W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir.1990) (emphasis in original).

■ In order to determine whether an attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling,* 903 F.2d at 1003 (quoting *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir.1964)).

Defendants make no assertion of outright fraud in plaintiff's pleading of jurisdictional facts. Consequently, the question of fraudulent joinder depends on whether there is a possibility that plaintiff can establish a claim against Robertson, the non-diverse defendant.

Plaintiff maintains that both it and Robertson are citizens of West Virginia and that Robertson is an appropriate defendant. Plaintiff further observes that defendants removed this matter without properly alleging fraudulent joinder and without first having Robertson dismissed from the suit by the Circuit Court of Mingo County, West Virginia. Plaintiff further asserts that no West Virginia case law has discussed the liability of an independent insurance adjuster such as Robertson for violations of the UTPA, and that the recent case of *Hawkins v. Ford Motor Co.,* 211 W.Va. 487, 566 S.E.2d 624 (2002), as relied upon by defendants, is not dispositive of whether the court has subject matter jurisdiction over this action.

Defendants maintain that, despite not having used the term "fraudulent joinder" in the notice of removal, they explicitly state therein that the complaint fails to state a claim against Robertson and that the sole purpose for Robertson's inclusion as a defendant is to attempt to defeat diversity jurisdiction. (*See* Notice of Removal at ¶ 9.) In particular, defendants argue that there is no case law in West Virginia upon which plaintiff can base a claim against Robertson for violation of the UTPA inasmuch as Robertson is an employee of Custard which was retained as an independent adjuster to investigate a claim by J.B. Hunt, a self-insured entity.

In support of this position, defendants rely upon the holding of *Hawkins*, wherein the Supreme Court of Appeals of West Virginia held that the UTPA and the common law tort of bad faith apply only to persons or entities engaged in the business of insurance. 566 S.E.2d at 629. Specifically, the court found that a self-insured automobile manufacturer, Ford Motor Company, was not subject to the provisions of the UTPA where the manufacturer's principal business was manufacturing automobiles, not insurance, and where the manufacturer was not contractually obligated to pay Hawkins' claim. *Id.* In so holding, the court explained that "absent a contractual obligation to pay a claim, no bad faith cause of action exists, either at common law or by statute." *Id.* at 629.

As observed by the court in *Hawkins*, the UTPA is one component of an extensive statutory scheme designed to govern those engaged in the business of insurance. West Virginia Code § 33–11–1 states:

> The purpose of this article is to regulate trade practices in the business of insurance ... by defining, or providing for the determination of, all such practices in this State which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

West Virginia Code § 33–1–1 defines "insurance" as a "contract whereby one undertakes to indemnify another or to pay a specified amount upon determinable contingencies," and West Virginia Code § 33–1–2 defines "insurer" as "every person engaged in the business of making contracts of insurance."

In construing the West Virginia statute, *Hawkins* noted that it was quoting with approval the following passage from a recent opinion by the Supreme Court of Kentucky stating that the gravamen of Kentucky's Unfair Claims Settlement Practices Act is that:

> "an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is *contractually obligated* to pay. Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."

566 S.E.2d at 629 (quoting *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky.2000)) (emphasis in original). *Hawkins* employs similar language in finding that "Ford is not an insurer and is under no *contractual obligation* to pay the Hawkins' claim," (emphasis in original), and concluding, "[t]hus, there exists no statutory or common law basis for a bad faith claim against the company," adding

> We hold that the UTPA and the tort of bad faith apply only to those persons or entities and their agents who are engaged in the business of insurance. In other words, absent a contractual obligation to pay a claim, no bad faith cause of action exists, either at common law or by statute. A self-insured entity is not in the business of insurance.

*Id.*

While the *Hawkins* opinion makes no mention of the liability of independent adjusters under either the UTPA or the common law tort of bad faith, the court emphasized the absence of a contractual obligation to pay. Neither J.B. Hunt or its independent adjusters had any contractual obligation to pay the plaintiff's claim. Further, the claim being adjusted by Custard and Robertson was not, strictly speaking, an insurance claim inasmuch as J.B. Hunt was self-insured.[1]

---

1. The Supreme Court of Appeals of West Virginia, in *Jackson v. Donahue*, 193 W.Va. 587,

■ The court concludes that an independent adjuster retained by a self-insured company has no greater liability than that of the self-insured company for a bad faith claim either at common law or by statute under the UTPA. Accordingly, it appears plain that neither Robertson nor Custard, who adjusted Stafford's claim for J.B. Hunt, can be liable to plaintiff for common law or statutory bad faith inasmuch as they were retained on behalf of J.B. Hunt, a self-insured entity. There being no possibility of recovery from Robertson, the court must conclude that he was fraudulently joined.[2] Remand is inappropriate.

### B. *Motions to Dismiss*

■ In general, a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied*, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994) (cita-

tions omitted); *see also Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

Stafford's complaint sets forth a negligence action against J.B. Hunt, and a bad faith action, under the UTPA and at common law, against J.B. Hunt, Custard and Robertson. Defendants each seek dismissal of Stafford's statutory and common law bad faith claims, arguing that, in view of the holding in *Hawkins*, 566 S.E.2d 624, the complaint fails to state a claim upon which relief may be granted. J.B. Hunt submits that, as a self-insured entity, it is not subject to the UTPA nor any common law duty of good faith and fair dealing, while both Custard and Robertson assert that, inasmuch as they were adjusting a claim on behalf of a self-insured entity, they cannot be liable to Stafford under the UTPA or any common law bad faith theory. The court agrees.

Inasmuch as West Virginia law is clear that a self-insured entity, such as J.B. Hunt, is not liable for bad faith, either statutory or common law, Stafford can receive no relief from J.B. Hunt on those grounds. Moreover, inasmuch as the court has determined that independent adjusters retained by a self-insured entity have no greater liability for bad faith claims than that of the self-insured entity,

---

457 S.E.2d 524, Syl. pts. 1, 2 (W.Va.1995), held as follows with respect to self-insurance:

> The phrase "self-insurance" means, generally, the assumption of one's own risk and, typically, involves the setting aside of a special fund to meet losses and pay valid claims, instead of insuring against such losses and claims through an insurance policy.
>
> Under the law of this State, a foreign commercial trucking corporation, which has been granted authority by the West Virginia Public Service Commission to self-insure under W.Va.Code, 24A–5–5(g) [1961], must afford, as a self-insurer, the same coverage under the West Virginia motor vehicle omnibus clause statutes, W.Va.Code, 33–6–

31(a) [1982], and W.Va.Code, 17D–4–12(b)(2) [1991], for the protection of the public, as would a liability insurance contract.

2. Consequently, there is no need here to determine whether the following definition of "person," found in the UTPA in West Virginia Code § 33–11–2(a), includes an independent claims adjuster:

> As used in this article:
> (a) "Person" includes any individual, company, insurer, association, organization, society, reciprocal, business trust, corporation, or any other legal entity, including agents and brokers.

W.Va.Code § 33–11–2(a).

Stafford is not entitled to relief from Custard or Robertson.

### III.

For the reasons stated, it is, accordingly, ORDERED that:

1. Plaintiff's motion to remand be, and it hereby is, denied;

2. J.B. Hunt's motion to dismiss be, and it hereby is, granted to the extent it seeks dismissal of that portion of plaintiff's suit alleging statutory and common law bad faith;

3. Custard's motion to dismiss be, and it hereby is, granted; and

4. Robertson's motion to dismiss . be, and it hereby is, granted.

The Clerk is directed to forward copies of this order to all counsel of record.