**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1503

STAFFORD EMS, INCORPORATED,

　　　　　Plaintiff - Appellant,

　　　v.

J. B. HUNT TRANSPORT, INCORPORATED, a Georgia Corporation;
CUSTARD INSURANCE ADJUSTERS, INCORPORATED, an Indiana
Corporation; TOM ROBERTSON,

　　　　　Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.　John T.
Copenhaver, Jr., District Judge.　(2:02-cv-00886)

Argued:　March 26, 2010　　　　　　Decided:　April 28, 2010

Before MICHAEL and DAVIS, Circuit Judges, and Eugene E.
SILER, Jr., Senior Circuit Judge of the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

Affirmed by unpublished opinion.　Senior Judge Siler wrote the
opinion, in which Judge Michael and Judge Davis concurred.

**ARGUED:** James D. McQueen, Jr., FROST, BROWN & TODD, LLC,
Charleston, West Virginia, for Appellant.　Thomas Vincent
Flaherty, FLAHERTY, SENSABAUGH & BONASSO, PLLC, Charleston, West
Virginia; David Edward Rich, BAKER & RICH LAW OFFICES,
Huntington, West Virginia, for Appellees.　**ON BRIEF:** Tonya L.
Hatfield, TONYA L. MOUNTS, L.C., Gilbert, West Virginia, for
Appellant.　Roy D. Baker, Jr., BAKER LAW OFFICES, Huntington,

West Virginia, for Appellees Custard Insurance Adjusters, Incorporated, and Tom Robertson; Erica M. Baumgras, FLAHERTY, SENSABAUGH & BONASSO, PLLC, Charleston, West Virginia, for Appellee J. B. Hunt Transport, Incorporated.

---

Unpublished opinions are not binding precedent in this circuit.

SILER, Senior Circuit Judge:

Stafford EMS, Inc. ("Stafford") appeals the district court's orders denying its motion for remand, dismissing its claims under the West Virginia Unfair Trade Practices Act ("UTPA"), West Virginia Code § 33-11-14, *et seq.*, and denying its motion to certify a question to the Supreme Court of Appeals of West Virginia. For the following reasons, we affirm.

In 2002, Stafford filed this action in the Circuit Court of Mingo County, West Virginia, asserting claims of negligence and violations of the UTPA against J.B. Hunt Transport, Inc. ("J.B. Hunt"), Custard Insurance Adjusters, Inc. ("Custard"), and Tom Robertson ("Robertson") (collectively "Defendants"). Stafford's claims arise out of a September 24, 2001 automobile accident in which a tractor-trailer driven by a J.B. Hunt employee collided with and badly damaged one of the ambulances leased and operated by Stafford.

J.B. Hunt is a self-insured entity. The company retained Custard, an independent adjusting company, to assess Stafford's property damage claim. Robertson, an employee of Custard, was assigned to investigate Stafford's claim on behalf of J.B. Hunt.

According to the complaint, Robertson "agreed" that he would make his best efforts to settle Stafford's claim. On November 19, 2001, Robertson allegedly advised Stafford that he was giving his claim file over to a representative of J.B. Hunt

3

and informed Stafford that, "within five to seven business days, they will cut you a check." Stafford alleges that, in violation of the UTPA, J.B. Hunt—acting through its representatives and agents—repeatedly requested damages information from Stafford, failed to respond to requests by Stafford for information, and made "low-ball offers" to settle, all in an attempt to delay the resolution of Stafford's claim in which liability was clear.

Defendants removed this case to federal court on the basis of diversity of citizenship and filed motions to dismiss, arguing that the UTPA and the tort of bad faith do not apply to a self-insured entity or its agents. Stafford filed a motion to remand. On March 31, 2003, the district court denied Stafford's motion to remand and granted Defendants' motions to dismiss Stafford's bad faith claims. A little more than a year later, Stafford filed a motion to certify to the Supreme Court of Appeals of West Virginia the question of whether the UTPA and the tort of bad faith apply to Defendants. The district court declined to certify the question. Stafford's remaining claims were tried, resulting in a judgment in its favor against J.B. Hunt. Stafford then filed this appeal.

As with all questions implicating subject matter jurisdiction, we review de novo the denial of Stafford's motion to remand. See Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). We also review de novo the district court's rulings on

4

Defendants' motions to dismiss under Rule 12(b)(6), accepting the allegations set forth in Stafford's complaint as true. See Novell, Inc. v. Microsoft Corp., 505 F.3d 302, 307 (2007). We review the district court's decision not to certify a question to the Supreme Court of Appeals of West Virginia for an abuse of discretion. See Nat'l Capital Naturists, Inc. v. Bd. Of Supervisors, 878 F.2d 128, 132 (4th Cir. 1989).

Defendants assert that diversity of citizenship exists with Plaintiff Stafford, a resident of West Virginia, as to Defendant J.B. Hunt, a Georgia corporation, and Defendant Custard, an Indiana corporation, and that Defendant Robertson, a West Virginia resident, was fraudulently joined. Stafford counters that Robertson was an appropriate defendant whose residency undermines diversity jurisdiction. "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and emphasis omitted). Defendants did not allege any bad faith in pleading; so, the only inquiry is whether Stafford had any possibility of recovering damages from Robertson. For the following reasons, we conclude that, under West Virginia law, Stafford had no possibility of recovering

5

damages from Robertson.  Thus, the district court properly denied Stafford's motion to remand.

Under West Virginia law, "the UTPA and the tort of bad faith apply only to those persons or entities and their agents who are engaged in the business of insurance."  Hawkins v. Ford Motor Co., 566 S.E.2d 624, 629 (W. Va. 2002).  Consequently, the key inquiry in this case is whether Defendants were "engaged in the business of insurance."  See id.  Moreover, "[a] self-insured entity is not in the business of insurance."  Id.  It logically follows that agents acting on behalf of a self-insured entity are also not "engaged in the business of insurance."  See id.  J.B. Hunt, as a self-insured entity, was not "engaged in the business of insurance" and could not be held liable under the UTPA or for the tort of bad faith.  See id.  It necessarily follows that, when acting as J.B. Hunt's agents, Custard and Robertson also were not "engaged in the business of insurance" and could not be held liable under the UTPA or for the tort of bad faith for their actions on behalf of J.B Hunt.  See id.

Contrary to Stafford's arguments, the holding of the Supreme Court of Appeals of West Virginia in Taylor v. Nationwide Mut. Ins. Co., 589 S.E.2d 55 (W. Va. 2003), has no bearing on this case.  Taylor did not change the underlying inquiry for statutory and common law bad faith claims, i.e., whether the persons or entities and their agents are "engaged in

6

the business of insurance."  See id. at 60-61; Hawkins, 566 S.E.2d at 629.  Rather, Taylor holds that a claims adjuster *employed by an insurance company* is "engaged in the business of insurance" and can be held personally liable for violations of the UTPA.  Taylor, S.E.2d at 61.  Because Custard and Robertson acted as agents of J.B. Hunt, a self-insured entity that was not "engaged in the business of insurance," they cannot be held liable under the UTPA or for the tort of bad faith.  See Hawkins, 566 S.E.ed at 629 (holding that "the UTPA and the tort of bad faith apply only to those persons and entities and their agents who are engaged in the business of insurance.").

"Only if the available state law is clearly insufficient should the court certify the issue to the state court."  Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994).  The Supreme Court of Appeals of West Virginia has clear case law stating that the UTPA and the tort of bad faith do not apply to self-insured entities.  Hawkins, 566 S.E.2d at 629.  The straightforward application of this holding to the agents of a self-insured entity does not require additional precedent.  Moreover, the Supreme Court of Appeals of West Virginia has already approvingly cited the district court's holding in this case. Wetzel v. Employers Serv. Corp., 656 S.E.2d 55, 64 (W. Va. 2007) (citing Stafford EMS, Inc., v. J.B. Hunt Transp. Inc., 270 F. Supp. 2d 773, 778-79 (S.D. W. Va. 2003)).  Thus, it was not an

7

abuse of discretion for the district court to decline to certify the question to the Supreme Court of Appeals of West Virginia.

AFFIRMED