### 21377

AMERICAN MUTUAL FIRE INSURANCE COMPANY, Appellant, v. James PASSMORE, Linda Passmore, Harleysville Mutual Insurance Company, The Travelers Insurance Company, Helen Whitehead; and Shirley Faye Palmer, Respondents.

(274 S. E. (2d) 416)

*Paul J. Foster, Jr.,* and *Dana C. Mitchell, III,* of *Foster & Richardson,* Greenville, *for appellant.*

*Joseph E. Major,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondents.*

January 19, 1981.

Ness, Justice:

This is a declaratory judgment action to determine liability insurance coverage between appellant, American Mutual Fire Ins. Co. and other corporate insurers. The trial judge concluded appellant provided coverage for a collision between vehicles driven by the girl friend of Lonnie Reed and James Passmore on May 21, 1977. We disagree and reverse.

In late March or early April of 1977, Helen Whitehead agreed to sell her 1970 Chevrolet Nova to Lonnie Reed for a down payment of $150.00, and assumption of the existing indebtedness, provided Reed obtain liability insurance. Reed was given possession of the car, but the title was withheld until he paid the full purchase price. Reed was unable to obtain liability insurance for the car. He approached Leaman Foxworth, who agreed to place the Nova on his policy in lieu of his wrecked Mustang and thereby utilize the unused premiums. Foxworth requested appellant's agent to delete the Mustang and add the Nova to his policy.

Appellant first asserts the trial judge erred in finding an insurable interest was not required for liability insurance in South Carolina. We agree.

The trial judge's reliance on *Clouse v. American Mutual Liability Ins. Co.,* 344 F. (2d) 18 (4 Cir. 1965), as not requiring any insurable interest for liability coverage, is misplaced. Liability insurance, like other forms of insurance, must be supported by an insurable interest in the named insured. See: 7 Am. Jur. (2d), Automobile Insurance, § 44 (1980); 44 C. J. S., Insurance § 198 (1945); 77 A. L. R. 1256; 1 A. L. R. (3d) 1197; Couch on Insurance (2d), § 24:159, page 273; *Cassidy v. Liberty Mutual Ins. Co.,* 154 N. E. (2d) 353 (Mass. 1958). The insurable interest required does not depend upon the named insured having either

a legal or equitable interest in the property, "but it is enough that the insured may be held liable for damages to its operation and use." *Nationwide Mutual Ins. Co. v. Douglas,* 273 S. C. 243, at 255, 255 S. E. (2d) 828 (1979) (Lewis, C. J., dissenting). We conclude the trial judge erred in finding an insurable interest was not required for liability insurance in South Carolina.

■ Appellant next asserts the trial judge erred in finding Foxworth had an insurable interest under a theory of negligent entrustment because he lacked ownership or control of the car. We agree.

The theory of negligent entrustment provides: "—the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment." 19 A. L. R. (3d) 1175, 1192, cited in *Bahm v. Dormanen,* 543 P. (2d) 379, 381 (Montana 1975). Essential elements of this cause of action are absent: (1) Foxworth did not own the car; (2) he did not have control over the car; and (3) he was not responsible for its use. There was no potential liability for negligent entrustment. *Hardeman v. Southern Home Ins. Co.,* 111 Ga. App. 638, 142 S. E. (2d) 452, 457 (1965).

■ Appellant next asserts the trial judge erred in holding Foxworth could be liable under a theory of permissive use because Reed did not fall within the "defined" class warranting automatic coverage under the Omnibus Clause. Reed was not in the protected class, hence Foxworth could not be liable for permissive use.

■ Appellant finally asserts the trial judge erred in holding it estopped from denying coverage because it accepted premiums and issued the policy covering the Nova. We agree.

Foxworth did not have any insurable interest in the Nova. Therefore, the policy was illegal and the doctrine of waiver

or estoppel may not be invoked to make it valid. *Hack v. Metz, et al.,* 173 S. C. 413, 176 S. E. 314 (1934).

The trial judge erred in finding appellant provided liability insurance coverage. We reverse and remand to the trial court with instructions to dismiss appellant as a defendant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.