0601

Norman McALLISTER, Appellant, v. Samuel (NMN) GRAHAM and APAC-Carolina, Inc., of whom APAC-Carolina, Inc., is Respondent.

(339 S. E. (2d) 154)

Court of Appeals

*Jack W. Lawson, Jr.,* Florence, *for appellant.*

*Rodney C. Jernigan, Jr.,* Florence, *for respondent.*

Heard Nov. 20, 1985.

Decided Jan. 2, 1986.

GARDNER, Judge:

Summary judgment was granted the defendant in this personal injury action arising from an automobile wreck. We affirm.

Plaintiff McAllister was injured when his automobile collided with a truck owned by Defendant APAC and driven by its employee, Graham. Graham had worked for APAC and its predecessor since the mid 1960's. In 1979 or 1980 the employer furnished Graham with a company pickup truck and allowed him to drive it between his home in Lake City and wherever the job site happened to be. He was given clear instructions, which he understood, never to operate the vehicld from the time he arrived at home at the end of a work day to the time he left for work the next work day. He was instructed not to drink alcohol while on the job, and was forbidden to operate the vehicle while under the influence. The consequence for violation of these rules was dismissal.

The collision occurred in Florence, S. C., on a Sunday at about 10:00 p.m. Graham had visited his son at a Florence hospital that evening, and had driven the truck from his home in Lake City to Florence earlier that day. He intended to leave for his work site in North Carolina from the hospi-

tal the following morning at about 4:00 or 5:00 a.m. The collision occurred when Graham went out to a doughnut shop for some coffee. He intended to return to the hospital after getting the coffee.

The record discloses that Graham was convicted of driving under the influence at the time of the accident. He described his activity on the evening of the accident as "purely personal."

Graham had a prior conviction for DUI in 1971. For purposes of this appeal, we assume that APAC either had actual or constructive notice of this 1971 conviction for DUI.

At issue on appeal are (1) whether the evidence of record is susceptible of the inference that Graham was acting within the scope of his employment at the time of the accident and (2) whether there is evidence of record to support a cause of action for negligent entrustment of a vehicle.

Graham argues that because of the clear markings on the APAC truck that it belonged to APAC and that under the doctrine of apparent authority there was evidence enough to submit the question of agency to the jury. Graham cites *Fernander v. Thigpen, et al.*, 278 S. C. 140, 293 S. E. (2d) 424 (1982). We hold *Fernander* is not applicable to this case.

In *Fernander* plaintiff's intestate, Brenda Fernander, was fatally injured in an automobile accident while she was a passenger in a car driven by Cecil Thigpen, assistant manager of Burger Chef in Sumter, where she was an employee. On the evening of the accident Brenda had worked late at the Burger Chef and when her father called concerning the late hour and his coming for Brenda, the assistant manager told her father not to come for Brenda, but stated, he would bring her home. While Thigpen was driving Brenda home, an accident occurred and Brenda was killed. The question presented the Supreme Court was whether there was evidence that Thigpen was acting in the course and scope of his employment by Burger Chef at the time of the accident. The majority decision of the Supreme Court held that under the doctrine of apparent authority the case should have been submitted to the jury.

In the case before us, we do not have a passenger plaintiff; rather we have a plaintiff driving in another automobile who when the accident occurred had no reason to consider or rely on Graham's agency for APAC. The doctrine of "apparent authority" causes a principal to be bound by the acts of its agent when the principal has placed the agent in such a position that persons of ordinary prudence, and reasonably knowledgeable with business usages and customs, are led to believe that the agent has certain authority and they in turn deal with the agent based on that assumption. Whether Graham was an agent of APAC had not the slightest connection with the collision in this case. The accident happened because of Graham's misconduct and negligence which were entirely unrelated to McAllister's knowledge of whether Graham had authority to drive APAC's truck. We therefore reject this argument.

Additionally the record shows that Graham was on a lark of his own. No agency concerning the hospital visit, let alone the trip to the doughnut shop, can be inferred from the facts presented the trial court. An employer is not liable for its employee's negligent acts where the employee is not performing the employer's business, but rather engaged in the employee's private, personal business. *Gathers v. Harris Teeter Supermarket, Inc.*, 282 S. C. 220, 317 S. E. (2d) 748 (Ct. App. 1984).

The test of liability here under the theory of negligent entrustment is (1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking, (2) that the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver. *American Mutual Fire Ins. Co. v. Passmore*, 275 S. C. 618, 274 S. E. (2d) 416 (1981); *Nettles v. Your Ice Co.*, 191 S. C. 429, 4 S. E. (2d) 797 (1939). Under this doctrine we hold (1) that the DUI conviction in 1971 was too remote, in itself, to meet the test and (2) that the record before us does not contain evidence to be susceptible of the inference of the required knowledge or imputable knowledge above set forth. Hence,

we reject Plaintiff McAllister's argument under the theory of negligent entrustment.

For the reasons stated, the judgment below is affirmed.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.