0672

Linda B. JACKSON, Administratrix of the Estate of Roosevelt Jackson, deceased, Respondent v. Dewey E. PRICE, Administrator of the Estate of Charles V. Price, deceased, and Randall Bobby Davis, Appellants.

(342 S. E. (2d) 628)

Court of Appeals

See also S. C., 342 S. E. (2d) 603.

*James E. McDonald* and *Stephen D. Baggett,* of *Burns, McDonald, Bradford, Erwin & Patrick,* Greenwood, *for appellants.*

*James P. Anderson,* of *Ayers & Anderson,* Greenwood, *for respondent.*

Heard Jan. 28, 1986.

Decided April 7, 1986.

CURETON, Judge:

Respondent Linda B. Jackson, administratrix of the estate of Roosevelt Jackson, commenced this wrongful death action against the appellants, Randall Bobby Davis, individually, and Dewey E. Price, the administrator of the estate of Charles V. Price. The jury rendered a verdict for Jackson totalling Two Hundred Fifteen Thousand Dollars ($215,000.00) and apportioned the award as follows: One Hundred Ninety Thousand Dollars ($190,000.00) against Price and Twenty-five Thousand Dollars ($25,000.00) against Davis. We affirm.

On November 12, 1982, Roosevelt Jackson was killed instantly when his pickup truck collided head-on in the eastbound lane with an automobile driven by Price and owned

by Davis, a passenger. Price also died following the collision. The complaint alleged that Price was negligent and reckless in operating Davis' car. The complaint also alleges that Davis negligently entrusted his car to Price and that Davis failed to warn Price of the danger arising from driving in the wrong lane of traffic. Price and Davis denied that they were negligent and asserted that Jackson's death was caused by his contributory negligence in failing to keep a proper lookout, driving under the influence, and failing to keep his pickup truck under proper control.

At trial, a highway patrolman who was not qualified as an expert witness testified that he arrived on the scene within minutes of the collision. He described how the vehicles were positioned after the collision and over objection, gave his opinion that the point of impact was in the eastbound lane. He also testified that Jackson's blood alcohol level was .150 percent and Price's was .156 percent.

Two of Jackson's coworkers, the driver and passenger of a car travelling along the same road on the night of the collision, also testified. Their testimony can be summarized as follows. Jackson's truck trailed their car as both vehicles travelled in an easterly direction. A car approached the coworkers from the east in their lane. The oncoming car swerved onto the shoulder thereby closely avoiding an accident. When the car returned to the road, it "just drove straight back into the center of the road" before the road behind the coworkers became engulfed in darkness following the collision.

Davis testified that he drank as least six beers in the seven hours preceding the collision and that he believed Price drank two or three beers in the hour or so preceding the collision. He allowed Price to drive his car, however, because he (1) seemed sober, (2) was in better shape than Davis and (3) had driven safely earlier in the evening. Concerning the accident, he testified that Price had driven into the left hand lane to avoid colliding with a car which had stopped in front of them in the right hand lane. The last thing that Davis remembered about the collision was that he saw headlights while in the left or passing lane.

Jackson's employer testified that at the time of his death Jackson earned Eight and 74/100 dollars ($8.74) per hour and

was entitled to numerous employee benefits. An economist, qualified as an expert witness in calculating financial losses in wrongful death cases, testified for Jackson. In response to a hypothetical question which included facts about Jackson and his beneficiaries, the expert opined that the beneficiaries' loss was Three Hundred Fifty-eight Thousand Six Hundred Fifty-five Dollars ($358,655.00) taking into consideration his allowances for Jackson's personal taxes and expenses.

The issues in this case are whether (1) the trial judge abused his discretion in allowing the highway patrolman to testify as to the point of impact; (2) the trial judge properly allowed the economist to respond to a hypothetical question; (3) there is any evidence to support the trial judge's denial of a judgment n.o.v. or new trial; and (4) the trial judge properly declined to charge the jury in accordance with Davis' and Price's request to charge concerning sudden peril.

The appellants argue that the trial judge erred in allowing the highway patrolman to testify as to the point of impact. We agree. *See e.g. State v. Kelly,* 285 S. C. 373, 374, 329 S. E. (2d) 442, 443 (1985) ("A police officer may not give his opinion as to the cause of the accident. He may only testify regarding his direct observations unless he is qualified as an expert,"); *Willard v. McCoy,* 234 S. C. 317, 108 S. E. (2d) 113 (1959) (judgment for plaintiff reversed because patrolman who was not an eyewitness testified regarding how many times a car overturned); *Thompson v. South Carolina Highway Department,* 224 S. C. 338, 79 S. E. (2d) 160 (1953) (error for highway patrolman who did not see accident to testify about speed of car). *Cf. Robinson v. Duke Power Co.,* 213 S. C. 185, 195, 48 S. E. (2d) 808, 812 (1948) (permitting patrolman who was not an eye witness to collision to testify regarding point of impact not prejudicial where witness determined point of impact from position of vehicles, broken glass and skidmarks and photographs collaborated his testimony).

While we believe the admission of the patrolman's testimony was improper, we do not reverse the jury verdict. "Ordinarily, the conduct of a trial including the admission and rejection of testimony, is largely within trial judges' discretion, exercise of which will not be disturbed unless

abuse of such discretion, commission of legal error in its exercise, and *resulting prejudice to appellant's rights can be shown." South Carolina State Highway Department v. Rural Land Co.*, 250 S. C. 12, 23, 156 S. E. (2d) 333, (1967) (emphasis added); *Cudd v. John Hancock Mutual Life Insurance Co.*, 279 S. C. 623, 629, 310 S. E. (2d) 830, 833 (Ct. App. 1983) "[R]eversal is not warranted where evidence erroneously admitted is merely cumulative." *Clark v. Ross*, 284 S. C. 543, 554, 328 S. E. (2d) 91, 98 (Ct. App. 1985). Here, the appellant can show no prejudice from the admission of the patrolman's testimony because it is cumulative. Jackson's coworker testified that she saw the car which had nearly collided with her drive into the center of the road just before the collision. Davis, moreover, testified that the last thing he remembered seeing before the crash was a vehicle driven in the proper lane approaching his car which was in the left lane. Without relying on the patrolman's testimony, the jury could have inferred from other testimony that the point of impact was in the left lane.

The appellants next argue that the trial judge erred ■ ■ in allowing the economist to answer an incomplete hypothetical question concerning the beneficiaries' financial loss. They assert that the question should have included figures for Jackson's personal expenses and income taxes. Our review of the record failed to uncover any critical omission in the question. It is not necessary for every detail to be recounted in a hypothetical question as long as all material facts necessary to form an opinion are included in the question posed. *Madden v. Cox*, 284 S. C. 574, 583, 328 S. E. (2d) 108, 114 (Ct. App. 1985) appeal dismissed, 286 S. C. 127, 332 S. E. (2d) 102 (1985). Here, the economist testified that he had calculated Jackson's personal taxes and considered his personal expenses in order to formulate his answer to the hypothetical question. The appellant's argument is meritless.

The appellants next argue that the trial judge erred ■ in not granting their motions for judgment n.o.v. or a new trial because there is no evidence that Davis negligently entrusted his automobile to Price; that he failed to warn Price; or that he negligently failed to prevent the accident. The elements of negligent entrustment are:

(1) Knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking, (2) that (sic) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated, and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver.

*McAllister v. Graham*, 339 S. E. (2d) 154 (S. C. Ct. App. 1986).

In ruling upon motions for judgment n.o.v. and new trials the evidence and all inferences which could be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 178, 314 S. E. (2d) 354, 356 (Ct. App. 1984). On appeal from a jury verdict our review is limited to determining if there is any evidence which reasonably tends to support the verdict. *Elders v. Parker*, 286 S. C. 228, 332 S. E. (2d) 563 (Ct. App. 1985). In accordance with these principles we view the evidence and inferences in the light favorable to Jackson.

There is evidence in the record that Davis negligently ■ entrusted his car to Price, in that even though Davis knew that Price had consumed three beers within an hour and a half of the accident, he permitted him to drive his car. Accordingly, we affirm the jury verdict against Davis.

The appellants finally argue that the trial judge erred ■■ by not instructing the jury regarding "sudden peril." Citing *Baker v. Weaver*, 279 S. C. 479, 309 S. E. (2d) 770 (Ct. App. 1983) they argue that the trial judge's refusal to charge the jury concerning "a controlling legal principle" amounts to reversible error. We disagree. A charge on sudden peril is proper if the danger is not caused by the actor's own fault. *Porter v. Cook*, 196 S. C. 433, 436, 13 S. E. (2d) 486, 488 (1941); 57 Am. Jur. (2d) *Negligence* Section 92 (1971). Assuming the trial judge was required to charge the jury on sudden peril, we hold he adequately instructed the jury in his general charge as follows:

If you find from the testimony that the death of the plaintiff's intestate resulted from sudden emergency, not created by any negligence of the defendant, then

there can be no recovery against a defendant, if in the emergency he acted as a person of ordinary judgment and prudence would have acted under similar circumstances. And, of course, a defendant's conduct must be tested in the light of the emergency and not by what hindsight might show to have been a safer and more prudent course for him to have followed.

It is not error to refuse a request to charge even if it contains a correct statement of law if its substance is covered by the court's general charge. *See O'Neal v. Carolina Farm Supply*, 270 S. C. 490, 495, 309 S. E. (2d) 776, 779-80 (Ct. App. 1983).

Having found no reversible error the judgment below is

Affirmed.

SHAW and GOOLSBY, JJ., concur.