648 S.E.2d 585

**Starr GADSON, by her Guardian ad Litem,
Kathy GADSON, Respondent,**

**v.**

**ECO SERVICES OF SOUTH CAROLINA, INC., and Joseph
Jenkins, of whom Joseph Jenkins, is, Petitioner.**

**No. 26357.**

Supreme Court of South Carolina.

Heard May 2, 2007.
Decided July 16, 2007.

172

Joseph R. Weston, of Weston Law Firm, of Mt. Pleasant, for Petitioner.

Daniel E. Henderson, of Peters, Murdaugh, Parker, Eltzroth & Detrick, PA, of Ridgeland, for Respondent.

Justice BURNETT.

We granted a writ of certiorari to review the Court of Appeals' decision in *Gadson v. ECO Services of South Carolina*, Op. No.2005–UP–130 (S.C. Ct.App. filed February 18, 2005). Joseph Jenkins (Petitioner) contends the Court of Appeals erred in affirming the trial court's denial of his motions for directed verdict and judgment notwithstanding the verdict (JNOV). We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

Petitioner was employed by ECO Services of South Carolina, Inc. (ECO), a solid waste contractor. On August 6, 1997, instead of returning ECO's vehicle to the Hilton Head office, Petitioner drove the vehicle to Hardeeville where he picked up several passengers, including Starr Gadson (Respondent) and his cousin, John Jenkins, and drove them to McDonald's. Petitioner then drove them to a store where John purchased one or two wine coolers. John shared the wine coolers with another passenger.

Petitioner drove them to Purrysburg Landing, where they talked for about an hour. On the way back to Hardeeville, John drove the vehicle. John reached a speed of 80 miles per hour before losing control of the vehicle. Several passengers, including Respondent, were thrown from the vehicle and sustained injuries.

Respondent filed an action against ECO and Petitioner, alleging negligence and negligent entrustment. Neither Petitioner nor John appeared at trial. However, Petitioner did move for a directed verdict. The jury returned a verdict

against all three defendants, finding: (1) ECO entrusted the vehicle to Petitioner; (2) ECO was negligent in entrusting the vehicle to Petitioner; (3) ECO's negligence proximately caused Respondent's injuries; (4) John was driving the vehicle at the time of the accident and was doing so negligently; (5) John's negligence proximately caused Respondent's injuries; (6) Petitioner was not driving the vehicle at the time of the accident; and (7) Petitioner was negligent in entrusting the vehicle to John. The jury awarded Respondent $50,000 in actual damages.

Both ECO and Petitioner moved for JNOV and a new trial based on juror misconduct. The trial court dismissed both motions finding they were not timely filed. The Court of Appeals remanded and the trial court considered and denied the motions. ECO and Petitioner appealed. Based on the definition of negligent entrustment as provided by the Restatement (Second) of Torts § 308 (1965), the Court of Appeals affirmed as to Petitioner and reversed as to ECO. *Gadson v. ECO Services of S.C.,* Op. No.2005–UP–130 (S.C. Ct.App. filed February 18, 2005). Specifically, the Court of Appeals considered Petitioner's driving record and work history and found ECO neither knew nor should have known Petitioner intended or was likely to use the truck in such a manner as to create an unreasonable risk of harm to others. As for Petitioner, the Court of Appeals found he knew or should have known John's use of the vehicle was likely to cause harm considering their familial relationship and the fact John consumed alcohol before driving.

### ISSUE

Did the Court of Appeals err in affirming the trial court's denial of Petitioner's motions for directed verdict and JNOV and in finding Petitioner negligently entrusted the vehicle to John Jenkins?

### STANDARD OF REVIEW

When reviewing the denial of a motion for directed verdict or JNOV, this Court applies the same standard as the trial court. *Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 602 S.E.2d 772 (2004). The Court is required to view the evidence

and inferences that reasonably can be drawn therefrom in the light most favorable to the non-moving party. *Sabb v. S.C. State Univ.*, 350 S.C. 416, 567 S.E.2d 231 (2002). The motions should be denied when either the evidence yields more than one inference or its inference is in doubt. *Mcmillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 626 S.E.2d 884 (2006). An appellate court will only reverse the lower court's ruling when there is no evidence to support the ruling or when the ruling is controlled by an error of law. *Steinke v. S.C. Dep't of Labor, Licensing and Regulation*, 336 S.C. 373, 520 S.E.2d 142 (1999).

## *LAW/ANALYSIS*

Petitioner argues the Court of Appeals erred in affirming the trial court's denial of his motions for directed verdict and JNOV and in finding he negligently entrusted the vehicle to John Jenkins. Specifically, Petitioner argues there is no evidence from which a jury could have reasonably concluded he knew or had reason to know John was likely to use the vehicle in a manner involving unreasonable risk of physical harm to himself or others.

According to our case law, the elements of negligent entrustment are: (1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking; (2) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated; and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver. *Jackson v. Price*, 288 S.C. 377, 342 S.E.2d 628 (Ct.App.1986). However, in determining whether Respondent met her burden of proving the elements of negligent entrustment, the Court of Appeals applied Restatement (Second) of Torts §§ 308 and 390,[1]

---

1. Section 308 provides:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Section 390 provides:

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be

which extend liability when the owner knows or had reason to know that such person is likely because of his youth, inexperience, or otherwise, to create an unreasonable risk of physical harm to himself and others. We decline to adopt sections 308 and 390 of the Restatement based on this set of facts, and we analyze this case under the elements of negligent entrustment set forth in *Jackson.*

██ The Court of Appeals erred in finding Petitioner knew John would cause harm because Petitioner knew John had been drinking alcohol prior to driving the vehicle. Over an hour before driving the vehicle, Petitioner witnessed John purchase and consume wine coolers. It is disputed whether John purchased one or two wine coolers and whether he shared the drinks with another passenger. Petitioner stated in his brief and Respondent testified at trial that John did not appear intoxicated. Furthermore, there was no evidence as to John's drinking habits or his driving record. The sole evidence supporting the claim for negligent entrustment against Petitioner is the fact John had one or two wine coolers prior to driving. Knowledge that a driver has had a drink or two is a far cry from meeting the first element of negligent entrustment that there be knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking.

Viewing the evidence in the light most favorable to Respondents, there was no support for the contention Petitioner, or even Respondent, for that matter, knew John was intoxicated; nor was there evidence Petitioner knew John had a habit of being intoxicated and driving. Evidence John consumed as little as half of a wine cooler[2] an hour before driving the vehicle does not support a finding of negligent entrustment against Petitioner. *See, e.g., Greene v. Jenkins,* 224 Ga.App. 640, 481 S.E.2d 617 (1997) (parents were not liable for entrusting vehicle to son when parents knew son had a couple of

---

likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

**2.** Respondent testified John split the wine cooler with another passenger.

drinks, but did not know he was incompetent due to intoxication and when passenger in wrecked vehicle testified she would not have ridden with the son had she believed he was intoxicated); *Gibson v. Bruner*, 406 Pa. 315, 178 A.2d 145 (1961) (JNOV granted to father who entrusted truck to son after son had consumed four bottles of beer when there was no evidence son was intoxicated or unable to drive the truck competently).

■ The Court of Appeals also erred in finding Petitioner knew John would cause harm simply because John was Petitioner's cousin. The Court of Appeals held, "[Petitioner] was apparently familiar with John's character, because he was John's cousin." *Gadson v. ECO Services of S.C.*, Op. No.2005–UP–130 (S.C. Ct.App. filed February 18, 2005). Respondent presented no evidence Petitioner had any knowledge of John's drinking habits, driving record, or general behavior. Assuming Petitioner was aware of John's character simply because Petitioner and John are cousins was error.

■ Finally, the Court of Appeals erred in finding the jury could have inferred the elements of negligent entrustment had been met when Petitioner failed to testify on his own behalf. The failure of a defendant to testify raises an inference that his testimony, if it had been submitted, would have been unfavorable to his position. *See, e.g., Crocker v. Weathers*, 240 S.C. 412, 126 S.E.2d 335 (1962). However, Respondent presented no evidence Petitioner knew John would create an unreasonable risk of harm other than evidence Petitioner and John were cousins and John consumed a minimal amount of alcohol before driving. Respondent carried the burden of proof and failed to present any evidence Petitioner negligently entrusted the vehicle to John. *See Ross v. Paddy*, 340 S.C. 428, 433, 532 S.E.2d 612, 614 (Ct.App.2000) ("The burden of proof is on the plaintiff to establish the negligence of the defendant."). Respondent failed to meet her burden of proof and cannot rely on the absence of Petitioner at trial to fill the void of evidence.

## CONCLUSION

The Court of Appeals erred in affirming the trial court's denial of Petitioner's motion for a directed verdict because

Respondent failed to submit any evidence establishing the necessary elements of negligent entrustment.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, J., and Acting Justice J. CORDELL MADDOX, concur. PLEICONES, J., concurring in a separate opinion.

Justice PLEICONES:

I agree with the majority that petitioner's JNOV motion should have been granted, but write separately because I believe we should adopt Restatement (Second) of Torts, §§ 308 and 390 as alternative methods of proving negligent entrustment. I fear that our current formulation would not admit of liability where a person permitted an individual to drive an automobile knowing that the driver was intoxicated, but where there was no evidence the supplier knew the driver was a habitual drinker or addicted to alcohol. In my view, adoption of sections 308 and 390 would eliminate this loophole. That said, I agree that even under these formulations, there is no evidence that petitioner knew or should have known that John Jenkins was likely to operate the vehicle in a manner which created an unreasonable risk of harm. I therefore concur in the decision to reverse and remand the Court of Appeals' decision affirming the trial court's denial of petitioner's JNOV motion.