**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Timothy Portee and Wilda Dale Portee, Appellants,

v.

Always Precise Protection Agency & Investigations, Inc., and John Portee, Defendants,

Of whom, Always Precise Protection Agency & Investigations, Inc. is Respondent.

Appellate Case No. 2010-151228

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2012-UP-649
Heard March 13, 2012 – Filed December 5, 2012

**AFFIRMED**

Daryl G. Hawkins, Kristin J. McArthur, and Charles E. Usry, all of Law Office of Daryl G. Hawkins LLC, of Columbia, for Appellants.

James B. Richardson, Jr., of James B. Richardson PC, of Columbia; and J. Boone Aiken III, of Aiken Bridges Elliott Tyler & Saleeby PA, of Florence, for Respondent.

―――――――――

**PER CURIAM**: Timothy Portee and Wilda Dale Portee (Appellants) appeal the circuit court's grant of directed verdicts on their claims against Always Precise Protection Agency & Investigations, Inc. for negligent hiring and negligent entrustment. The claims arise out of an unusual factual setting that involved Always Precise's hiring of John Portee and his subsequent shooting of Timothy. We affirm.

1.    As an initial sustaining ground, Always Precise contends this appeal was untimely.[1] We disagree. The circuit court clerk did not file an order granting the directed verdicts to Always Precise until January 25, 2010. Thus, no order or judgment was entered until that time. Appellants received written notice of the filed order on January 27, 2010, and they served the notice of appeal upon Always Precise within thirty days of that date. Therefore, the appeal was timely. *See* Rule 203(b)(1), SCACR (providing that a person intending to appeal must serve the notice of appeal on all respondents within thirty days after receiving "written notice of entry of the order or judgment"); *Upchurch v. Upchurch*, 367 S.C. 16, 22-23, 624 S.E.2d 643, 646 (2006) ("Our Court rules provide that [a] notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of *entry* of the order or judgment. . . . [T]he effective date of an order is not when it is signed by the judge, but when it is entered by the clerk of court." (citations and internal quotation marks omitted)), *disapproved of on other grounds by Miles v. Miles*, 393 S.C. 111, 711 S.E.2d 880 (2011).

2.    As an alternative sustaining ground, Always Precise argues the record contains no evidence establishing proximate cause to support Appellants' negligent entrustment and negligent hiring actions. We agree.

―――――――――

[1] In defense of this argument, Appellants contend Always Precise failed to preserve the appealability issue because the company failed to file a petition for rehearing after the appellate judge denied their motion to dismiss the appeal. We disagree. Always Precise was not required to file a petition for rehearing after the motion to dismiss was denied. *See* Rule 221(c), SCACR ("The appellate court will not entertain petitions for rehearing on a motion or petition unless the action of the court on the motion or petition has the effect of dismissing or finally deciding a party's appeal.").

"Proximate cause requires proof of causation in fact and legal cause. Causation in fact is proved by establishing the plaintiff's injury would not have occurred 'but for' the defendant's negligence. Legal cause is proved by establishing foreseeability." *Eadie v. Krause*, 381 S.C. 55, 64, 671 S.E.2d 389, 393 (Ct. App. 2008). Although some injury may be possible from the defendant's conduct, the defendant's conduct will not be a proximate cause of the injury when the injury complained of is not a reasonably foreseeable result of that conduct. *Young v. Tide Craft, Inc.*, 270 S.C. 453, 462-63, 242 S.E.2d 671, 675-76 (1978). It is not necessary that the defendant should have foreseen the particular harm or manner of injury that occurred, but to be foreseeable, the injury must be a natural and probable consequence of the complained of act. *Id.*; *Crowley v. Spivey*, 285 S.C. 397, 408, 329 S.E.2d 774, 781 (Ct. App. 1985) (per curiam).

Here, Appellants contend Always Precise is liable for negligent hiring and negligent entrustment because it failed to inquire further of John's fitness to be an armed security guard. However, even if the company violated a duty to inquire further, Always Precise cannot be liable for Appellants' claims.

Evidence in the record shows Always Precise's failure to inquire further of John's fitness to be armed as a security guard was a cause in fact of Timothy's injuries. John affirmed he would have provided his relevant mental health history to Always Precise had he been asked to, and Northington testified that if he knew of John's problems, he would not have even hired John to act as an armed security guard, much less provide John a weapon. Always Precise's alleged failure to make a reasonable inquiry in light of the SLED application thus caused it to give John the weapon and ammunition that injured Timothy.

However, no evidence in the record could permit a reasonable jury to find that Always Precise's failure to inquire of John's fitness to be an armed security officer was a legal cause of Timothy's injuries. Always Precise's failure to reasonably inquire into that fitness would not be a natural and probable cause of the injuries caused to Timothy if John shot Timothy for some reason other than his alleged incompetence. Here, no evidence indicates John was likely to use a weapon while impaired by alcohol. *Cf. Jones ex rel. Jones v. Enter. Leasing Co.-Southeast*, 383 S.C. 259, 264, 678 S.E.2d 819, 822 (Ct. App. 2009) ("[T]he elements of negligent entrustment . . . include: (1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking, (2) that the owner knew or had imputable knowledge that the driver was *likely to drive while intoxicated* and (3) under these circumstances, the entrustment of a vehicle

by the owner to such a driver." (emphasis added)).  Moreover, whether John was likely to shoot another person as a result of mental health issues is not a question a lay person can answer by looking at the testimony or John's medical records.  And, whether John actually shot Timothy because of those issues is likewise not within a layperson's ability to know, regardless of which version of the altercation one believes.  *See O'Leary-Payne v. R.R. Hilton Head, II, Inc.*, 371 S.C. 340, 349, 638 S.E.2d 96, 101 (Ct. App. 2006) (providing that lay testimony generally is sufficient to establish proximate cause but expert testimony is required if the causal connection between the negligent act and the injuries complained of would not be apparent using common knowledge or experience).

Because no evidence in the record could support a finding that Always Precise's conduct was a legal cause of Timothy's injuries, no evidence establishes proximate cause.  Thus, we must affirm the trial court's directed verdict as to Appellants' negligent entrustment and negligent hiring claims.

**AFFIRMED**.

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**