**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Terrence J. Hickey, Appellant/Respondent,

v.

Resolution Management Consultants, Inc., Gerard P. O'Keefe, Jeffrey B. Kozek, and Thomas Cummings, Defendants,

Of whom Resolution Management Consultants, Inc. is Respondent/Appellant,

And Gerard P. O'Keefe and Jeffrey B. Kozek are Respondents.

Appellate Case No. 2010-152087

———————————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-657
Heard May 22, 2012 – Filed December 12, 2012

———————————

**AFFIRMED**

———————————

Stanley E. Barnett, Smith, Bundy, Bybee, & Barnett, PC, of Mount Pleasant, for Appellant/Respondent.

John J. Pringle, Jr., Ellis, Lawhorne & Sims, PA, of
Columbia, and John T. Lay, Jr., Gallivan, White & Boyd,
PA, of Columbia, for Respondent/Appellant and
Respondent Jeffery B. Kozek.

Julius H. Hines, Womble Carlyle Sandridge & Rice,
LLP, of Charleston, for Respondent Gerard P. O'Keefe.

---

**PER CURIAM:** This cross-appeal arises out of a trial in which a jury returned a verdict in favor of Terrence Hickey against Resolution Management Consultants, Inc. (RMC) for malicious prosecution.  RMC argues the trial court erred in only partially granting its motion for directed verdict.  Hickey argues the trial court erred in directing a verdict for Gerard O'Keefe, Jeffrey Kozek, and Thomas Cummings on his claim for malicious prosecution, and in directing a verdict for all the defendants on his civil conspiracy claim.  We find support in the record for each of those decisions, and therefore we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Martasin v. Hilton Head Health Sys., L.P.*, 364 S.C. 430, 440, 613 S.E.2d 795, 801 (Ct. App. 2005) (reversing directed verdict for two defendants where "a reasonable jury could have found" for the plaintiff against them); 364 S.C. at 442, 613 S.E.2d at 802 (affirming directed verdict for another defendant where there was "no evidence upon which a reasonable jury could conclude the alleged negligent acts or omissions . . . proximately caused Mr. Martisan's death"); *Goodwin v. Kennedy*, 347 S.C. 30, 38, 552 S.E.2d 319, 323 (Ct. App. 2001) (stating, on review of denial of directed verdict, that "we must determine whether a verdict for a party opposing the motion would be reasonably possible under the facts as liberally construed in his favor" (citation omitted)); *see also Gadson ex rel. Gadson v. ECO Servs. of S.C., Inc.*, 374 S.C. 171, 175-76, 648 S.E.2d 585, 588 (2007) (stating, "When reviewing the denial of a motion for directed verdict . . . , this Court applies the same standard as the trial court" and, "The motion[] should be denied when either the evidence yields more than one inference or its inference is in doubt").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**