**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Catherine Virginia Cox, Appellant,

v.

Kenneth L. Pinckney, Sr., and Stacy Marie St. Pierre, Respondents.

Appellate Case No. 2013-002474

Appeal From Beaufort County
D. Craig Brown, Circuit Court Judge,

Unpublished Opinion No. 2015-UP-375
Submitted June 1, 2015 – Filed July 29, 2015

**AFFIRMED**

Kimberly L. Smith, of Moss Kuhn & Fleming, PA, of Beaufort, for Appellant.

Adam J. Neil and Wesley Brian Sawyer, both of Murphy & Grantland, PA, of Columbia, for Respondents.

**KONDUROS, J.:** Catherine Cox appeals the trial court's order granting Stacy St. Pierre's summary judgment motion, arguing South Carolina (1) has not limited negligent entrustment actions to cases involving intoxicated drivers and (2) should

adopt the negligent entrustment standard set forth in sections 308 and 390 of the Restatement (Second) of Torts (1965).  We find Cox failed to preserve these issues for our review and affirm the trial court's grant of summary judgment.

St. Pierre moved for summary judgment, arguing Cox's negligent entrustment claim should be dismissed because South Carolina has limited negligent entrustment claims to circumstances involving intoxicants.  The trial court granted the motion, and Cox appealed.  Cox failed to include the transcript of the motion hearing in the record on appeal, and her arguments in opposition to summary judgment were first presented in the record in her motion to reconsider.  This failure to provide an adequate record prevents this court from determining what arguments she made before the trial court entered its judgment on the motion.  *See Harkins v. Greenville Cnty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (providing the appellant has the burden of presenting an appellate court with an adequate record).  Therefore, the issues presented on appeal are unpreserved.  *See Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial."); *see also Commercial Credit Loans, Inc. v. Riddle*, 334 S.C. 176, 186, 512 S.E.2d 123, 129 (Ct. App. 1999) ("[B]ecause the transcript of the proceedings below is omitted from the record, it appears the first time [the appellant] made this argument was in its Rule 59(e) motion for reconsideration.  Accordingly, this issue is not properly preserved for our review."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("If our review of the record establishes that an issue is not preserved, then we should not reach it.").

**AFFIRMED.**[1]

**GEATHERS, J., concurs.  THOMAS, J., concurring in a separate opinion in which GEATHERS, J., concurs.**

**THOMAS, J.:**  I agree with the majority that the issues on appeal are unpreserved.  However, I write separately to note my belief that the tort of negligent entrustment is not restricted to situations involving the presence of alcohol.  "The theory of negligent entrustment provides . . . the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment." *Am. Mut. Fire Ins. Co. v. Passmore*, 275 S.C.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

618, 621, 274 S.E.2d 416, 418 (1981) (internal quotation marks omitted). *McAllister v. Graham* stated the elements of negligent entrustment *as they applied to that case*, which featured the entrustment of a vehicle to an intoxicated driver. 287 S.C. 455, 458, 339 S.E.2d 154, 156 (Ct. App. 1986) (stating the elements for "the test of liability *here* under the theory of negligent entrustment" (emphasis added)); *see also Gadson ex rel. Gadson v. ECO Servs. of S.C., Inc.*, 374 S.C. 171, 176, 648 S.E.2d 585, 588 (2007) (noting the elements of negligent entrustment as they were stated in *Jackson v. Price*, 288 S.C. 377, 342 S.E.2d 628 (Ct. App. 1986), which relied on *McAllister* for those elements); *Jones ex rel. Jones v. Enter. Leasing Co.-Se.*, 383 S.C. 259, 264-66, 678 S.E.2d 819, 822-23 (Ct. App. 2009) (explaining that "the elements needed to prove [negligent entrustment] have varied" and remarking that a negligent entrustment claim not involving alcohol could not be established under the elements set forth in *McAllister*). For example, in my view, an injured third party could pursue a negligent entrustment claim where an individual lent their vehicle to a driver with a known physical or mental condition, or where a person allowed someone to borrow their car for the known purpose of illegally drag racing. *Cf. James v. Kelly Trucking Co.,* 377 S.C. 628, 634, 661 S.E.2d 329, 332 (2008) (concluding South Carolina law does not prohibit a plaintiff from pursuing claims including negligent entrustment once respondeat superior liability has been admitted, in a case in which no allegation was made that the entrusted driver was intoxicated); *Howell v. Hairston*, 261 S.C. 292, 296-99, 199 S.E.2d 766, 768-69 (1973) (reversing the trial court's grant of a motion for nonsuit and remanding for a new trial in an action for damages resulting from entrustment of an air rifle to a minor when it could be inferred the parents "knew that under the circumstances their son should not have been allowed unsupervised possession" of the rifle because he had a reputation as a bully and displayed "aggressive and malicious tendencies").

While our supreme court declined to adopt sections 308 and 390 of the Restatement (Second) of Torts (1965) based on the facts of *Lydia v. Horton*[2] and *Gadson*, those cases involved the presence of alcohol. Moreover, unlike the third-party negligent entrustment cause of action here, *Lydia* involved a first-party negligent entrustment claim, which the court rejected because the negligence of the plaintiff outweighed that of the defendant and because of public policy considerations. *See Lydia*, 355 S.C. at 39, 583 S.E.2d at 752. Consequently, I do not believe those cases or *McAllister* suggest negligent entrustment claims must involve intoxicated drivers.

---

[2] 355 S.C. 36, 583 S.E.2d 750 (2003).

**GEATHERS, J., concurs.**